IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

    Petitioner,                    No. CIV S-10-0289 EFB P

    vs.

KATHLEEN L. DICKINSON,

    Respondent.                <u>ORDER</u>

                                  /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       In his February 4, 2010 petition, petitioner claims that an attorney appointed to represent him at his April 14, 2009 parole suitability hearing, forced petitioner to waive his right to the hearing based on a false promise that he would file a petition for writ of habeas corpus on petitioner's behalf. As a result, petitioner claims he remains in custody where he is subject to inhumane living conditions and torture.

       A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears

1

from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

Petitioner appears to allege that he received ineffective assistance of counsel with respect to his April 14, 2009 parole suitability hearing. This claim is without merit. There is no clearly established right to counsel at parole suitability hearings. The United States Supreme Court has adopted a case-by-case approach to whether the state is under a constitutional duty to provide appointed counsel in probation or parole revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 788-90 (1973) (finding "no justification for a new inflexible constitutional rule with respect to the requirement of counsel" for probationers or parolees); *see also Dorado v. Kerr*, 454 F.2d 892, 897 (9th Cir. 1972) (due process does not entitle California state prisoners to counsel at hearings to determine the length of imprisonment and to grant or deny parole); *Leque v. Brown*, No. C 05-2618 MJJ, 2007 U.S. Dist. LEXIS 89980, at *8 (N.D. Cal. Nov. 26, 2007) (concluding there is no "clearly established" Supreme Court precedent of a constitutional right to counsel in parole suitability hearings, and therefore, habeas relief is unavailable for alleged violation of such a right by counsel's advice to postpone petitioner's parole hearing). Since petitioner was not constitutionally entitled to an attorney at his parole hearing, he was not entitled to any particular advice with respect to his April 14, 2009 hearing. Accordingly, this claim must be dismissed.

////

1     Petitioner also complains generally about his conditions of confinement.  As noted, a
2 challenge in federal court to the fact of conviction or the length of confinement must generally
3 be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser*, 411
4 U.S. 475.  A civil rights action, on the other hand, is appropriate for challenges to the conditions
5 of an inmate's confinement.  *Id.* at 499.  To the extent petitioner challenges his conditions of
6 confinement, he must do so in a civil rights action, as this court cannot grant petitioner habeas
7 relief on the basis of his allegations regarding living conditions that do not affect the duration of
8 his confinement.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Petitioner's request for leave to proceed *in forma pauperis* is granted.

    2.  This action is dismissed.

    3.  The Clerk of the Court is directed to serve a copy this order, together with a copy of the amended petition filed on February 4, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

DATED:  January 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE